**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| MORAN LAKE CONVALESCENT ) | Case No. 10-43405-MGD |
| CENTER, LLC, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| In re GEORGE DALYN HOUSER, ) | Chapter 7 |
| ) | |
| Debtor. ) | Case No. 10-43407-MGD |
| TRACEY L. MONTZ, solely in her capacity ) | |
| as Chapter 7 Trustee in Bankruptcy, ) | |
| ) | |
| Plaintiff, ) | Consolidated Adversary Proceeding |
| ) | Nos. 11-04067 & 11-04068 |
| -against- ) | |
| ) | |
| HEALTHCARE REALTY & ) | Lead Adversary Case No. |
| DEVELOPMENT, LLC; RHONDA FAYE ) | 11-04067 (MGD) |
| HOUSER; JACQUELINE EMMELINE ) | |
| KYDD HOUSER; THE KYDD GROUP, ) | |
| LTD.; PAMELA GAYLE HOUSER; ) | |
| LOUISE KELLEY HOUSER; ) | |
| and ALFRED JOHN DAMUS. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**TRUSTEE'S MOTION TO (I) STRIKE DEFENDANTS' ANSWER;**
**(II) ENTER DEFAULT JUDGMENT AND (III) IMPOSE SANCTIONS**

Tracey L. Montz (the "**Trustee**"), in her capacity as Chapter 7 Trustee in the above-captioned case, pursuant to Rule 37 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), incorporated by Rule 7037 of the Federal Rules of Bankruptcy Procedure, hereby files this motion (the "**Motion**") to (i) strike the answer [Docket No. 6] filed by defendants HealthCare Realty & Development, LLC ("**HealthCare Realty**"), Jacqueline E. Kydd Houser, Rhonda F. Houser, The Kydd Group, Ltd., Pamela G.

Houser and Louise K. Houser (the "**Defendants**"); (ii) enter default judgment against Defendants and (iii) impose sanctions on Defendants and their counsel based on Defendants' continued failure to provide responsive answers to the Trustee's discovery. Over the course of five months, the Defendants have continued to refuse to respond to discovery or to the Trustee's multiple communication attempts despite the entry of an order from this Court compelling discovery responses [Docket No. 28]. At this juncture, the additional relief requested herein is appropriate to remedy Defendants' failures and the consequent prejudice to the bankruptcy estates.

## BACKGROUND

1. On October 19, 2011, the Trustee filed complaints in Adversary Proceedings Nos. 11-04067 and 11-04068 in connection with the bankruptcy cases of Moran Lake Convalescent Center, LLC ("**Moran Lake**") and George D. Houser ("**Houser**"). These Adversary Proceedings were subsequently consolidated under Adversary Proceeding No. 11-04067 [Docket No. 7].

2. The complaints filed in the Adversary Proceedings seek identical relief with respect to the ownership interest of Moran Lake and Mount Berry Convalescent Center, LLC ("**Mount Berry**"), both entities formed by Mr. Houser. The Moran Lake and Houser schedules show a purported transfer of the Moran Lake and Mount Berry equity interests to HealthCare Realty, an entity believed to be owned by Mr. Houser and some or all of the Defendants who are either business associates or relatives of Mr. Houser.

3. The adversary complaints seek the following relief: (1) declaratory relief against each Defendant[1] with respect to their rights to the Moran Lake and Mount Berry property; or (2) in the alternative (a) recovery of a fraudulent transfer from each Defendant, (b) recovery of a preferential transfer from each Defendant or (c) recovery of an unauthorized post-petition transfer; (3) disallowance of the Defendants' filed claims under 11 U.S.C. § 502(d); (4) disallowance of the Defendants' claims for insufficiency; (5) subordination of the Defendants' claims; and (6) damages for conspiracy to violate fraudulent transfer laws.

4. On December 22, 2011, the Trustee served the Defendants with discovery requests which included requests to admit, interrogatories and requests for production of documents. The Defendants' responses were wholly unresponsive to the Trustee's interrogatory and document production requests. *See* Docket Nos. 9 and 10. Only a single document, and one that was also non-responsive, was provided in response to 18 document requests and only three responses were provided to 19 interrogatory requests.

5. On April 6, 2012, the Trustee filed a motion to compel discovery responses [Docket No. 22] (the "**Motion to Compel**") and sought sanctions to recover the Trustee's costs of filing the Motion to Compel. Further details regarding the Defendants' inadequate discovery responses and the Trustee's multiple attempts to obtain complete responses are contained within the Motion to Compel and Declaration of Dennis J. Connolly attached thereto. As detailed in the Motion to Compel, the Trustee originally filed motion to expand the discovery period instead of filing a motion to

---

[1] A consent judgment has been entered by this Court against defendant Alfred Damus. *See* Docket No. 23.

3

compel based on Mr. Houser's representation that discovery would be provided if Defendants were permitted additional time. The Motion to Compel was filed after the Trustee received no supplemental discovery after the requested extension was provided and Defendants were nonresponsive to the Trustee's communication attempts.

6. The Defendants did not file a response to the Motion to Compel.

7. The Court entered order granting the Motion to Compel on April 27, 2012 [Docket No. 28] and in addition to awarding sanctions, in an amount to be assessed, the Court ordered Defendants to serve responsive answers to the Discovery Requests within 30 days of the order.[2]

8. The Defendants were served, through their counsel, by mail with a copy of the Order on April 29, 2012. *See* Docket No. 29. Additionally, Trustee's counsel served a courtesy copy of the order on Defendants' counsel Mr. Houser and Mr. Mahmoud by e-mail on April 27, 2012.

9. The Trustee has received no supplemental responses to the Discovery Requests as of the filing of this Motion or any form of response from the Defendants.

**BASIS FOR REQUESTED RELIEF**

10. The Trustee herein requests that the Court (i) strike the Defendants' answer [Docket No. 6] (the "**Answer**") from the record; (ii) enter judgment against Defendants for the relief sought in the Trustee's complaint and (iii) impose sanctions against the Defendants in the amount of costs incurred by the Trustee in the filing of this Motion.

---

[2] The Trustee is contemporaneously filing an affidavit of fees in accordance with the Order on the Motion to Compel.

4

11. This Court has already ordered sanctions against Defendants for their failure to respond to the Discovery Requests and imposition of sanctions by itself has not deterred Defendants from their continued refusal to adequately respond. Striking the Defendants' Answer and entering default judgment in addition to sanctions is thus an appropriate remedy and specifically contemplated by Federal Rule 37. Federal Rule 37(b)(2)(iii) and (vi) respectively states that upon a party's failure to abide by an order compelling discovery the remedies available to the Court include "striking pleadings in whole or part" or "rendering a default judgment against the disobedient party." Federal Rule 37(C) specifically provides that the Court may "instead of or in addition to" the other identified remedies, order "the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorneys fees, caused by the failure [to comply with the court's order."

12. Accordingly, numerous courts within this district have stricken the answer of and entered default judgment against parties that continually failed to produce discovery, particularly after a court order. *Lumpkin County Bank v. Collins (In re Collins)*, Adv. No. 05-06468, 2006 WL 6591610, *1 (Bankr. N.D. Ga. Nov. 29, 2006) (after failure to respond as required by discovery rules and by court's order on motion to compel, defendant's answer was stricken from the record and default judgment entered against defendant); *Mann v. Bradshaw (In re Bradshaw)*, Adv. No. 04-1003, 2005 WL 6490603 *1-2 (Bankr. N.D. Ga. Jan. 10, 2005) (same); *Cofield v. Holcombe (In re Holcombe)*, Adv. No. 04-1059, 2005 WL 6488082, *1-2 (Bankr. N.D. Ga. May 24, 2005) (same in context of non-dischargeability action).

5

13. As detailed in the Motion to Compel, Defendants' counsel have continuously taken the position that this proceeding should be stayed while they handle other cases they consider to be more important but have taken no action to obtain a stay of this proceeding. Moreover, while Defendants' counsel have ignored the Defendants' obligations in this adversary proceeding, they have continued to take action in other matters related to the Moran Lake and Houser bankruptcy cases or other adversary proceedings. On or about February 8, 2012, Mr. Houser attempted to use this adversary proceeding as an avenue to gain information for his criminal case pending in the Northern District of Georgia by sending out a subpoena to an unrelated third party under caption of this adversary. *See* Docket No. 12. On May 21, 2012, Mr. Houser and Mr. Mahmoud filed an appraisal related to a stay motion filed by Roswell Holdings, LLC in the Houser bankruptcy case. *See* Bankruptcy Docket No. 137. However, Defendants' counsel has failed to take any action to provide the Trustee with responsive answers in this adversary proceeding.

WHEREFORE, the Trustee requests that the Court grant the relief requested herein substantially in the form attached hereto as **Exhibit A** and such other relief as the Court deems appropriate.

This 30th day of May, 2012.

**ALSTON & BIRD LLP**

/s/  Heather  Byrd Asher
Dennis J. Connolly
Georgia Bar. No. 182275
Heather Byrd Asher
Georgia Bar No. 139022
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: dennis.connolly@alston.com
Email: heather.asher@alston.com

*Counsel to Tracey L. Montz*
*Chapter 7 Trustee*